# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st day of October, two thousand nineteen.

PRESENT:
> DENNIS JACOBS,
> ROBERT D. SACK
> PETER W. HALL,
> > *Circuit Judges.*

---

IN RE: PETROBRAS SECURITIES LITIGATION

---

UNIVERSITIES SUPERANNUATION SCHEME LIMITED, EMPLOYEES RETIREMENT SYSTEM OF THE STATE OF HAWAII, NORTH CAROLINA DEPARTMENT OF STATE TREASURER,

*Plaintiffs-Appellees*,

AURA CAPITAL LTD., DIMENSIONAL EMERGING MARKETS VALUE FUND, DFA INVESTMENT DIMENSIONS GROUP INC., ON BEHALF OF ITS SERIES EMERGING MARKETS CORE EQUITY PORTFOLIO, EMERGING MARKETS SOCIAL CORE EQUITY PORTFOLIO AND T.A. WORLD EX U.S. CORE EQUITY PORTFOLIO, DFA INVESTMENT TRUST COMPANY, ON BEHALF OF ITS SERIES THE EMERGING MARKETS

SERIES, DFA AUSTRIA LIMITED, SOLELY IN ITS CAPACITY AS RESPONSIBLE ENTITY FOR THE DIMENSIONAL EMERGING MARKETS TRUST, DFA INTERNATIONAL CORE EQUITY FUND, AND DFA INTERNATIONAL VECTOR EQUITY FUND BY DIMENSIONAL FUND ADVISORS CANADA ULC SOLELY IN ITS CAPACITY AS TRUSTEE, DIMENSIONAL FUNDS PLC, ON BEHALF OF ITS SUB-FUND EMERGING MARKETS VALUE FUND, DIMENSIONAL FUNDS ICVC, ON BEHALF OF ITS SUB-FUND EMERGING MARKETS CORE EQUITY FUND, SKAGEN AS, DANSKE INVEST MANAGEMENT A/S, DANSKE INVEST MANAGEMENT COMPANY, NEW YORK CITY EMPLOYEES' RETIREMENT SYSTEM, NEW YORK CITY POLICE PENSION FUND, BOARD OF EDUCATION RETIREMENT SYSTEM OF THE CITY OF NEW YORK, TEACHERS' RETIREMENT SYSTEM OF THE CITY OF NEW YORK, NEW YORK CITY FIRE DEPARTMENT PENSION FUND, NEW YORK CITY DEFERRED COMPENSATION PLAN, FORSTA AP-FONDEN, TRANSAMERICA INCOME SHARES, INC., TRANSAMERICA FUNDS, TRANSAMERICA SERIES TRUST, TRANSAMERICA PARTNERS PORTFOLIOS, JOHN HANCOCK VARIABLE INSURANCE TRUST, JOHN HANCOCK FUNDS II, JOHN HANCOCK SOVEREIGN BOND FUND, JOHN HANCOCK BOND TRUST, JOHN HANCOCK STRATEGIC SERIES, JOHN HANCOCK INVESTMENT TRUST, JHF INCOME SECURITIES TRUST, JHF INVESTORS TRUST, JHF HEDGED EQUITY & INCOME FUND, ABERDEEN EMERGING MARKETS EQUITY FUND, ABERDEEN GLOBAL EQUITY & INCOME FUND, ABERDEEN GLOBAL NATURAL RESOURCES FUND, ABERDEEN INTERNATIONAL EQUITY FUND, EACH A SERIES OF ABERDEEN FUNDS; ABERDEEN CANADA EMERGING MARKETS FUND, ABERDEEN CANADA SOCIALLY RESPONSIBLE GLOBAL FUND, ABERDEEN CANADA SOCIALLY RESPONSIBLE INTERNATIONAL FUND, ABERDEEN CANADA FUNDS EAFE PLUS EQUITY FUND AND ABERDEEN CANADA FUNDS GLOBAL EQUITY FUND, EACH A SERIES OF ABERDEEN CANADA FUNDS, ABERDEEN EAFE PLUS ETHICAL FUND, ABERDEEN EAFE PLUS FUND, ABERDEEEN EAFF PLUS SRI FUND, ABERDEEEN EMERGING MARKETS EQUITY FUND, AND ABERDEEN GLOBAL EQUITY FUND, EACH A SERIES OF ABERDEEN

2

INSTITUTIONAL C, ABERDEEN FULLY HEDGED INTERNATIONAL EQUITIES FUND, ABERDEEN INTERNATIONAL EQUITY FUND, ABERDEEN GLOBAL ETHICAL WORLD EQUITY FUND, ABERDEEN GLOBAL RESPONSIBLE WORLD EQUITY FUND, ABERDEEN GLOBAL WORLD EQUITY DIVIDEND FUND, ABERDEEN GLOBAL WORLD EQUITY FUND, ABERDEEN GLOBAL WORLD RESOURCES EQUITY FUND, ABERDEEN EMERGING MARKETS EQUITY FUND, ABERDEEN ETHICAL WORLD EQUITY FUND, ABERDEEN MULTI-ASSET FUND, ABERDEEN WORLD EQUITY FUND, ABERDEEN WORLD EQUITY IN, ABERDEEN LATIN AMERICA EQUITY FUND, INC., AAAID EQUITY PORTFOLIO, ALBERTA TEACHERS RETIREMENT FUND, AON HEWITT INVESTMENT CONSULTING, INC., AURION INTERNATIONAL DAILY EQUITY FUND, BELL ALIANT REGIONAL COMMUNICATIONS INC., BMO GLOBAL EQUITY CLASS, CITY OF ALBANY PENSION PLAN, DESJARDINS DIVIDEND INCOME FUND, DESJARDINS EMERGING MARKETS FUND, DESJARDINS GLOBAL ALL CAPITAL EQUITY FUND, DESJARDINS OVERSEAS EQUITY VALUE FUND, DEVON COUNTY COUNCIL GLOBAL EMERGING MARKET FUND, DEVON COUNTY COUNCIL GLOBAL EQUITY FUND, DGIA EMERGING MARKETS EQUITY FUND L.P., ERIE INSURANCE EXCHANGE, FIRST TRUST / ABERDEEN EMERGING OPPORTUNITY FUND, GE UK PENSION COMMON INVESTMENT FUND, HAMPSHIRE COUNTY COUNCIL GLOBAL EQUITY PORTFOLIO, LONDON BOROUGH OF HOUNSLOW SUPERANNUATION FUND, MACKENZIE UNIVERSAL SUSTAINABLE OPPORTUNITIES CLASS, MARSHFIELD CLINIC, MOTHER THERESA CARE AND MISSION TRUST, MTR CORPORATION LIMITED RETIREMENT SCHEME, MYRIA ASSET MANAGEMENT EMERGENCE, M, NATIONAL PENSION SERVICE, AND NPS TRUST ACTIVE 14, OHIO PUBLIC EMPLOYEES RETIREMENT SYSTEM, WASHINGTON STATE INVESTMENT BOARD, ABERDEEN LATIN AMERICAN INCOME FUND LIMITED, ABERDEEN GLOBAL EX JAPAN PENSION FUND PPIT, FS INTERNATIONAL EQUITY MOTHER FUND, NN INVESTMENT PARTNERS B.V., ACTING IN THE CAPACITY OF MANAGEMENT, NN INVESTMENT PARTNERS B.V., ACTING IN THE CAPACITY OF

MANAGEMENT COMPANY OF THE MUTUAL FUND NN GLOBAL EQUITY FUND, NN INVESTMENT PARTNERS B.V., ACTING IN THE CAPACITY OF MANAGEMENT COMPANY OF THE MUTUAL FUND NN HOOG DIVIDEND AANDELEN FONDS, NN INVESTMENT PARTNERS B.V., ACTING IN THE CAPACITY OF MANAGEMENT COMPANY OF THE MUTUAL FUND NN INSTITUTIONEEL DIVIDEND AANDELEN, NN INVESTMENT PARTNERS LUXEMBOURG S.A., ACTING IN THE CAPACITY OF MANAGEMENT COMPANY SICAV AND ITS SUB-FUNDS, AND NN (L) SICA, FOR AND ON BEHALF OF NN (L) EMERGING MARKETS HIGH DIVIDEND, NN (L) FIRST, AURA CAPITAL LIMITED, WGI EMERGING MARKETS FUND, LLC, BILL AND MELINDA GATES FOUNDATION TRUST, BOARD OF REGENTS OF THE UNIVERSITY OF TEXAS SYSTEM, TRUSTEES OF THE ESTATE OF BERNICE PAUAHI BISHOP, DBA KAMEHAMEHA SCHOOLS, LOUIS KENNEDY, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED, KEN NGO, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED, CITY OF PROVIDENCE, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED, HANDELSBANKEN FONDER AB, PUBLIC EMPLOYEE RETIREMENT SYSTEM OF IDAHO, PETER KALTMAN, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED, UNION ASSET MANAGEMENT HOLDING AG, JONATHAN MESSING, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,

*Plaintiffs*,

v.                                              No. 18-3351

SPENCER BUENO,

*Objector-Appellant*,

JOSHUA R. FURMAN,

*Appellant*,

v.

MARIANGELA MOINTEIRO TIZATTO, JOSUE CHRISTIANO GOME DA SILVA, DANIEL LIMA DE OLIVEIRA, SANTANDER INVESTMENT SECURITIES INC., BANCO VOTORANTIN NASSAU BRANCH, PETROLEO BRASILEIRO S.A. PETROBRAS, JOSE SERGIO GABRIELLI, SILVIO SINEDINO PINHEIRO, PRICEWATERHOUSECOOPERS AUDITORES INDEPENDENTES, BB SECURITIES LTD., THEODORE MARSHALL HELMS, PETROBRAS GLOBAL FINANCE B.V., PETROBRAS AMERICA INC., PAULO ROBERTO COSTA, JOSE CARLOS COSENZA, RENATO DE SOUZA DUQUE, GUILLHERME DE OLIVEIRA ESTRELLA, JOSE MIRANDA FORMIGL FILHO, MARIA DAS GRACAS SILVA FOSTER, ALMIR GUILHERME BARBASSA, JOSE RAIMUNDO BRANDA PEREIRA, SERVIO TULIO DA ROSA TINOCO, PAULO JOSE ALVES, GUSTAVO TARDIN BARBOSA, ALEXANDRE QUINTAO FERNANDES, MARCOS ANTONIO ZACARIAS, CORNELIS FRANCISCUS JOZE LOOMAN, MITSUBISHI UFJ SECURITIES (USA), INC., HSBC SECURITIES (USA) INC., MERRILL LYNCH, PIERCE, FENNER & SMITH INCORPORATED, STANDARD CHARTERED BANK, BANK OF CHINA (HONG KONG) LIMITED, BANCO BRADESCO BBI S.A., BANCA IMI, S.P.A., SCOTIA CAPITAL (USA) INC., CITIGROUP GLOBAL MARKETS INC., ITAU BBA USA SECURITIES, INC., JP MORGAN SECURITIES LLC, MORGAN STANLEY & CO. LLC,

*Defendants*.[1]

| | |
|---|---|
| Appearing for *Appellant*: | JOSHUA R. FURMAN, Joshua R. Furman Law Corp., Sherman Oaks, CA. |
| Appearing for *Plaintiffs-Appellees*: | EMMA GILMORE (Jeremy A. Lieberman, Brenda F. Szydlo, Jennifer Banner Sobers, *on the brief*), Pomerantz LLP, New York, NY; Louis Gottlieb, Labaton Sucharow LLP, New York, NY. |

---

[1] The Clerk of Court is directed to amend the official caption to conform with the caption above.

Appeal from an order of the United States District Court for the Southern District of New York (Rakoff, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order entered on September 21, 2018, is **AFFIRMED**.

Appellant Joshua Furman, counsel for Objector Spencer Bueno,[2] appeals from an order of the district court imposing sanctions. Furman, on Bueno's behalf, objected to "at least a dozen aspects of the proposed settlement" in this case, including the district court's certification of the settlement class and certain aspects of class counsel's request for attorneys' fees. *In re Petrobras Sec. Litig.*, 317 F. Supp. 3d 858, 871-72 (S.D.N.Y. 2018). The district court overruled most of Furman's objections and deferred ruling on Furman's objection concerning cy pres until when, and if, it was determined that a cy pres disbursement would be made. Plaintiffs-Appellees then moved for sanctions, which motion the district court granted in part, imposing sanctions of $10,000. *See generally In re Petrobras Sec. Litig.*, No. 14-cv-9662, 2018 WL 4521211 (S.D.N.Y. Sept. 21, 2018). This appeal follows. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

---

[2] Bueno does not challenge on appeal the portion of the district court's order requiring him to post an appeal bond.

"We review the imposition of sanctions for abuse of discretion." *Huebner v. Midland Credit Mgmt., Inc.*, 897 F.3d 42, 53 (2d Cir. 2018). A district court "must outline its factual findings with 'a high degree of specificity,'" "[b]ut more often than not, 'the district court is better situated than the court of appeals to marshal the pertinent facts and apply the fact-dependent legal standard that informs its determination as to whether sanctions are warranted.'" *Id.* (quoting *Virginia Props., LLC v. T-Mobile Ne. LLC*, 865 F.3d 110, 113 (2d Cir. 2017)).

Upon such review, we find no merit to Furman's arguments, which are largely misdirected. Furman conflates evidence from which the district court inferred bad faith—evidence the use of which he insists he lacked notice—with the grounds for the district court's imposition of sanctions. At bottom, the district court sanctioned Furman for advancing frivolous objections in bad faith as a means to delay disbursement of the settlement funds in this case. And we conclude that the district court acted well within its discretion in so doing.[3]

---

[3] Even assuming Furman is correct that he was not given adequate notice that he might be sanctioned pursuant to the district court's inherent authority, we conclude that the sanctions imposed were appropriate under 28 U.S.C. § 1927.

We have considered Furman's remaining arguments and find them to be without

merit.  The order of the district court is **AFFIRMED**.[4]

> FOR THE COURT:
> CATHERINE O'HAGAN WOLFE, Clerk of Court

---

[4] In affirming the district court's judgment, we do not reach, and therefore do not necessarily endorse, various characterizations by the district court of Furman or his behavior.  *See In re Petrobras Sec. Litig.*, No. 14-cv-9662, 2018 WL 4521211, at *7 (S.D.N.Y. Sept. 21, 2018).  On a related note, counsel for Plaintiffs-Appellees would be well served to refrain in the future from including unnecessary invective and ad hominem attacks, which have been present in disturbing quantity in their briefing for this and two prior objector appeals.